**Irving B. TUCKER et ux., Appellants,**

v.

**D. HARRIS, d/b/a D. Harris & Company, Appellee.**

**No. 16775.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1966.

Jones & Morris, and Herman I. Morris, Fort Worth, for appellants.

Bagby & Ross, and Albert C. Ross, Arlington, for appellee.

## OPINION

MASSEY, Chief Justice.

Judgment was rendered for appellee D. Harris, and for Commercial Standard Insurance Company on their motions for summary judgment. The plaintiffs in the case were Irving B. Tucker and his wife, and they are the appellants.

Affirmed.

Appellee, a real estate agent, received on January 18, 1963 a loan from appellants of $2,500.00. At the time she agreed in writing to repay the indebtedness, plus interest, within a few weeks. Shortly thereafter appellee obtained a "listing" on some real property from the owner thereof. Appel-

lants, learning of such, offered to buy the property for $2,000 less than the price for which appellee had obtained the listing. Appellee drew up a contract of sale which was, on January 25, 1963, executed by the appellants as purchasers. Appellee called on the owner of the property and tendered the appellants' offer, but after considering a few days the owner rejected the same. In other words the instrument was never executed as a contract between the owner, as seller, and appellants, as purchasers. The only signatures ever placed on the instrument were those of the appellants.

In part, the instrument was drawn so as to read as follows: " * * * the purchase price is $14,000.00, payable as follows: $6900.00 Cash (of which Purchaser has deposited with the undersigned Agent $2500.00 as part payment, receipt of which is hereby acknowledged by said Agent); (Escrow payment is in form of $2500.00 loan to D. Harris for lot.)."

Two months after the aforesaid instrument was signed by appellants (a proposed contract never agreed to by the property owner) the friendly relations theretofore existent between them and the appellee came to an end. On March 26, 1963 appellants brought suit against her for debt. Their original cause of action was one strictly *ex contractu.*

On January 7, 1965 the appellee filed her voluntary petition in bankruptcy, and on March 15, 1965 the Bankruptcy Court entered its Order discharging the appellee from all debts and claims provable against her estate. It appears that the condition of the appellee as a "bankrupt" was such that the claim of an unsecured creditor, in which classification was to be found the appellants, was worthless and uncollectible.

In Bankruptcy Court appellee listed the appellants as unsecured creditors to whom she owed $2,500.00. The appellants never filed any claim pursuant to the bankruptcy proceedings.

January 19, 1966 appellants filed their First Amended Original Petition in the case, wherein and whereby they named as an additional party defendant the Commercial Standard Insurance Company, surety on the bond of appellee at time of the material transaction. See Vernon's Ann.Tex.St., Title 113A, "Real Estate Dealers", Art. 6573a, "Real Estate License Act", Sec. 11, "Bond". The section prescribes the necessity and requisites of bonds for Brokers and Salesmen holding a license under the Act. In appellants' amended petition was alleged not only the facts by reason of which the appellants had originally brought suit for debt *ex contractu,* but the form of their cause of action was altered so as to become one for damages, *ex delicto.* The allegation was that in connection with the inducement of appellants to "enter into" the contract of January 25, 1963 (the instrument which never became a contract of sale and purchase of real estate) the appellee's representations that she held their $2,500.00 "in escrow" was false and fraudulent. · In said respect the appellants referred to V.A.T.S., Title 65, "Frauds and Fraudulent Conveyances", Art. 4004, "Actionable fraud", and Art. 6573a, Sec. 16(a) "Revocation and suspension of (Real Estate Dealer's) license".

It is immediately perceived that the transaction by which appellants claim to have been defrauded (one they insist was detrimental to their interest) would have been legally beneficial to them and detrimental to appellee, a condition fatal to their claim. Want of legal consideration is obvious. The "status quo", had its restoration been an objective, would be the parties' pre-existent status of debtor and creditor.

In supplemental petitions the appellants asserted that appellee's discharge "in bankruptcy" was subject to being set aside for her fraud in representing that the funds they contend were "escrow funds" was a mere debt, and that steps were being taken to set such discharge aside. In this connection they further asserted that appellee was their fiduciary, with the result that if a debt it was a fiduciary debt, and that appellee was not entitled to its discharge in bankruptcy. (See U.S.C.A., Title 11, § 35.) Other portions of appellants' pleadings were devoted to avoidance of opposing pleadings of the limitation statute filed in behalf of appellee and the Commercial Standard Insurance Company, and contended to be applicable in view of the alteration in appellants' form of action.

We are of the opinion that the trial court did not err in granting summary judgment. Appellants' cause of action was and remained one for debt. It was therefore *ex contractu* and not *ex delicto* and if maintainable at all could result in an *in personam* judgment only. See generally 1 Tex.Jur. 2d, p. 532 et seq., "Actions", the sections under "III. Character, Nature, and Form of Actions". The amount of the indebtedness, $2,500.00, never became a fund to which appellants held title after having been expended by appellee or commingled with other monies in her possession. Despite the language of the proposed real estate contract such could never have become "escrow" property because the owner of the real estate sought to be purchased never agreed to sell. See generally 30A C. J. S., p. 966, the Chapter on "Escrows". Appellee was not guilty of breach of any duty owed to appellants in treating herself as a mere debtor.

From applicable tests of the facts giving rise to the litigation we are obliged to hold that appellee's discharge "in bankruptcy" legally relieved her of obligation to pay the debt. Appellants' asserted cause of action *ex delicto* sounding in tort, for fraud, etc., never arose and the matter of applicability of any statute of limitation would be moot. That being true appellants' claim against the Commercial Standard Insurance Company on appellee's bond was likewise without foundation.

Judgment is affirmed.